IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEITH L. SIGLER, et al.,                :

     Plaintiffs,                    :

                                                Case No. 3:07cv092

     vs.                            :

                                       JUDGE WALTER HERBERT RICE

CITY OF ENGLEWOOD, et al.,    :

     Defendants.                    :

DECISION AND ENTRY SUSTAINING IN PART, OVERRULING IN PART AND OVERRULING, AS MOOT, IN PART DEFENDANTS' OBJECTIONS (DOC. #30) TO REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE (DOC. #24); REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE (DOC. #24) ADOPTED IN PART AND REJECTED IN PART; DECISION AND ENTRY SUSTAINING IN PART, OVERRULING IN PART AND OVERRULING, AS MOOT, IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. #15)

     The Plaintiffs bring this litigation, seeking to recover compensation for the injuries they allege to have suffered as a result of the discharge of Plaintiff Keith Sigler from his position as a police officer employed by Defendant City of Englewood ("Englewood").  See Doc. #1 at ¶ 1.  Plaintiffs contend that the Defendants fired Keith Sigler because Plaintiff Susan Sigler, Keith Sigler's spouse, wrote and distributed an anonymous handbill critical of the Englewood Police Department and Defendant Mark Brownfield, Englewood's Chief of Police. Plaintiffs set forth seven claims for relief in their Complaint (Doc. #1).  In their

Memorandum in Opposition to the Defendants' Motion for Judgment on the Pleadings, however, the Plaintiffs indicated that they were dismissing their Second Claim for Relief, a claim under the common law of Ohio for civil conspiracy; Fifth Claim for Relief, a claim under the common law of Ohio for negligent infliction of emotional distress; and Seventh Claim for Relief, a claim under the common law of Ohio for wrongful termination. See Doc. #16 at 2. On September 18, 2008, the parties reconfirmed the dismissal of those three claims, as well as Plaintiffs' Third Claim for Relief, a claim of age discrimination in violation of federal law. See Stipulation of Dismissal (Doc. #36). Therein, the parties also stipulated that the Plaintiffs were dismissing their claims against Defendants Julie Brownfield, Janine Cooper and Douglas Hacker. Id. As a consequence, the following claims remain to be resolved in this litigation, to wit: Plaintiffs' First Claim for Relief, a claim brought in accordance with 42 U.S.C. § 1983, alleging that the Defendants violated Plaintiffs' rights under the First Amendment by discharging Keith Sigler in retaliation for Susan Sigler's exercise of her First Amendment rights; Plaintiffs' Fourth Claim for Relief, a claim under the common law of Ohio for intentional infliction of emotional distress; and Plaintiffs' Sixth Claim for Relief, a claim that Keith Sigler was the victim of disability discrimination in violation of Chapter 4112 of the Ohio Revised Code. In addition to Englewood and Mark Brownfield ("Brownfield"), the Plaintiffs have named as Defendants Eric Smith ("Smith"), the City Manager of Englewood; David Pelkey ("Pelkey"), a sergeant on the Englewood Police Department; and Eric Totel ("Totel"), an Englewood police officer. Pelkey is

alleged to have been Keith Sigler's direct supervisor (Doc. #1 at ¶ 9), while Totel is alleged to have been "the assistant union director." Id. at ¶ 13.[1]

In an effort to dispose of this litigation expeditiously, the Defendants filed a Motion for Judgment on the Pleadings (Doc. #15). This Court referred that matter to United States Magistrate Judge Sharon Ovington for a Report and Recommendations. That judicial officer has issued such a judicial document, recommending, in pertinent part, that this Court: 1) overrule that motion as it relates to the First Claim for Relief, retaliation in violation of the First Amendment; 2) sustain Defendants' motion as it relates to Plaintiffs' Fourth Claim for Relief, intentional infliction of emotional distress, against Englewood; and 3) dismiss the Plaintiffs' Sixth Claim for Relief, disability discrimination, as it relates to Totel.[2] See Doc. #24 at 32. The Defendants have objected to the Report and Recommendations of the Magistrate Judge (see Doc. #30), and the Plaintiffs have filed a responsive memorandum thereto. See Doc. #37. This Court begins its

---

[1]Smith, Brownfield, Pelkey and Totel have all been sued in both their individual and official capacities. It is well-settled that a claim against an officer or employee of a governmental entity, in his or her official capacity, is a claim against the governmental entity itself. See e.g., Kentucky v. Graham, 473 U.S. 159 (1985). Thus, in E.J. v. Hamilton County, Ohio, 707 F. Supp. 314, 318-19 (S.D.Ohio 1989), Judge Rubin dismissed the official capacity claims against Hamilton County Commissioners, since Hamilton County itself was a party, making the official capacity claims redundant. See also, Doe v. Claiborne County, 103 F.3d 495, 509 (6th Cir. 1996) (affirming grant of summary judgment in favor of individuals sued in their official capacities, because summary judgment had been granted to their governmental employer). Herein, since Englewood is a party, the official capacity claims against those individual Defendants will be disregarded, as redundant.

[2]The Magistrate Judge also recommended the manner in which the Court should rule on the Defendants' motion as it relates to the now dismissed age discrimination claim, as well as Plaintiffs' claims against the Defendants who have been dismissed. It is, of course, not necessary for this Court to discuss those recommendations.

analysis by briefly reviewing the procedural standards it must apply whenever it rules on objections to a Magistrate Judge's Report and Recommendations, addressing a potentially dispositive motion.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, this Court must conduct a de novo review of Judge Ovington's Report and Recommendations.  See Massey v. City of Ferndale, 7 F.3d 506, 510-511 (6th Cir. 1993); Roland v. Johnson, 856 F.2d 764, 768- 69 (6th Cir. 1988).[3]  Since that judicial filing addressed the Defendants' request for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, this Court turns to the procedural standards it must apply whenever its rules on such a motion.

In Lindsay v. Yates, 498 F.3d 434 (6th Cir. 2007), the Sixth Circuit reiterated that "[t]he same standards apply irrespective of whether the complaint has been dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or under Rule 12(c) for judgment on the pleadings."  Id. at 438 (citing EEOC v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir. 2001)).  In League of United Latin American Citizens v. Bredesen, 500 F.3d 523 (6th Cir. 2008), the Sixth Circuit restated the standards which a District Court must apply when

---

[3]The Plaintiffs have not objected to the Judge Ovington's recommendations that it dismiss Plaintiffs claim of intentional infliction of emotional distress against Englewood and that it dismiss the disability discrimination claim against Totel. Having conducted the requisite de novo review, this Court concurs with the Magistrate Judge's Report and Recommendations (Doc. #24) in those regards, adopts those portions of that judicial filing and sustains Defendants' Motion for Judgment on the Pleadings (Doc. #15) to that extent.

determining whether to dismiss a complaint, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted:

> The court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. Id. Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). Plaintiffs' obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. Bell Atlantic Corp. v. Twombly, — U.S. —, 127 S.Ct. 1955, 1964-65 (2007). The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. Id. at 1965. To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. Id. at 1969.

Id. at 527. See also Bishop v. Lucent Technologies, Inc., 520 F.3d 516 (6th Cir. 2008); Lambert v. Hartman, 517 F.3d 433, 439 (6th Cir. 2008).

The Defendants have divided their Objections (Doc. #30) into five sections, many of which contain more than one independent argument. The arguments in last two of those sections have become moot as a result of the Stipulation of Dismissal (Doc. #36) entered into by the parties. Accordingly, the Court overrules, as moot, the Defendants' Objections (Doc. #30) to the Report and Recommendations of the Magistrate Judge (Doc. #24), as they relate to the contentions set forth in Objections IV and V.[4] Many of the arguments in the

---

[4]The Court also overrules, as moot, the Defendants' Motion for Judgment on the Pleadings (Doc. #15), to that extent.

remaining three sections are related. In ruling on the contentions set forth in Objections I-III, the Court will address related issues together.

As an initial matter, the Defendants argue that the Magistrate Judge erred by recommending that the Court decline to dismiss the Plaintiffs' claim under the First Amendment against Brownfield, Pelkey and Totel, because the Englewood Charter invests Smith, the City Manager of Englewood, with the authority to fire employees. Although this Court agrees with Defendants that the Charter invests such authority with the City Manager, it cannot agree that the Charter can insulate those three Defendants from liability on Plaintiffs' § 1983 claim, predicated upon an alleged violation of the First Amendment. Thus, in Ward v. Athens City Board of Education, 1999 WL 623730 (6th Cir. 1999), the Sixth Circuit concluded, in a case in which the plaintiff had set forth a First Amendment retaliation claim, that personal liability could be imposed on individuals who were subordinate to the final decisionmaker, writing:

> The principals and superintendents sued in their personal capacities claim that they were mere subordinates of the board [of education] and its members, who exercised all of the discretion and who alone should bea[r] the liability that might arise from this case. We disagree. The board had the last word, but it is clear that board members voted largely out of deference to the principals' and superintendent's recommendation. As shown by such cases as [Adkins v. Board of Educ. of Magoffin County, Ky., 982 F.2d 952 (6th Cir. 1993)], an influential recommender can be liable under § 1983 without being the final decisionmaker, if the recommendations are shown to be sufficiently influential.

Id. at *8. Therein, the Sixth Circuit held that Tennessee law did not insulate subordinates from liability, even though it had invested the Board of Education with the authority to make the decision which allegedly constituted retaliation.

- 6 -

Accordingly, the Court overrules the Defendants' Objections (Doc. #30), as it relates to their argument that the Court must dismiss Plaintiffs First Amendment claim against Brownfield, Pelkey and Totel, because the Charter invested Smith with the authority to fire Keith Sigler.

Additionally, the Defendants argue that the Magistrate Judge erred by failing to recommend that the Court dismiss the Plaintiffs' claim under the First Amendment against Pelkey and Totel, because the Plaintiffs have failed to allege that either of those Defendants was an "influential recommender." This Court agrees. The Plaintiffs Complaint is devoid of any allegation that remotely suggests that Smith, the City Manager and final decisionmaker, fired Keith Sigler out of deference to either or both of those Defendants.

Accordingly, the Court sustains Defendants' Objections (Doc. #30), to the extent premised on the proposition that the Magistrate Judge erred by failing to recommend that the Court dismiss the Plaintiffs' First Amendment claim against Pelkey and Totel. In addition, the Defendants' Motion for Judgment on the Pleadings (Doc. #15) is sustained, to the extent that, with that motion, they requested dismissal of Plaintiffs' § 1983 claim predicated upon the First Amendment against Pelkey and Totel.

In two somewhat related arguments, all Defendants argue that they are entitled to judgment on the pleadings on Susan Sigler's claim under the First Amendment, because such a claim is neither recognized nor clearly established.[5]

---

[5]Of course, the requirement that a constitutional right be clearly established is pertinent to the issue of whether a defendant is entitled to the defense of qualified immunity, which would not protect Englewood from liability. Davenport v. Causey, 521 F.3d 544, 554 (6th Cir. 2008) (noting that municipalities "are not provided qualified immunity").

See Doc. #30 at 16, 17-20. In particular, Defendant's point out that Susan Sigler's claim is predicated upon the theory that the Defendants violated her rights under the First Amendment, by discharging her husband, Keith Sigler, from his employment as a police officer with Englewood. For reasons which follow, the Court agrees with those courts which have refused to recognize such a First Amendment claim and that, therefore, the Defendants are entitled to judgment on the pleadings on Susan Sigler's First Amendment claim.

In order to make out a claim of retaliation under the First Amendment, a plaintiff must establish the following three elements:

(1) the plaintiff was engaged in a constitutionally protected activity;

(2) the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and

(3) the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights.

Jenkins v. Rock Hill Local School Dist., 513 F.3d 580, 585-86 (6th Cir. 2008). Based upon the following legal analysis, the Court concludes that Susan Sigler did not suffer an adverse action as a result of exercising her First Amendment rights.

In Meenan v. Harrison, 264 Fed. Appx. 146 (3d Cir. 2008), the Third Circuit rejected the First Amendment retaliation claim of a woman, whose husband had been discharged by the Pennsylvania State Police, writing:

> Brendalee Meenan contends that the district court erred when it granted summary judgment for the PSP defendants on her First Amendment retaliation claim. She argues that by retaliating against Shawn Meenan, the PSP defendants were taking action against her through her association with her husband. The district court properly granted summary judgment because she is not and never was a state employee, and therefore there can be no employment retaliation against her.

Id. at *3. Like the plaintiff therein, Susan Sigler has never worked for Englewood or its Police Department. Other courts have recognized that an individual does not have standing to pursue a First Amendment retaliation claim, when the governmental actor has not taken direct action against her in retaliation for her speech. For instance, in Alternate Fuels, Inc. v. Cabanas, 583 F.3d 969, 972-73 (8th Cir. 2008), the court held that a corporate executive did not have standing to bring a First Amendment retaliation claim, predicated upon the defendants' alleged retaliation against the corporation which employed him, "unless the officer alleges a direct injury not derivative of the company's injury." Id. at 973. See also, Potthoff v. Morin, 245 F.3d 710, 717-18 (8th Cir. 2001) (sole shareholder and principal employee has no standing to enforce a First Amendment claim because he did not personally suffer a direct, non-derivative injury); Pagan v. Calderon, 448 F.3d 16 (1st Cir. 2006) (same with respect to due process claims); Hodak v. City of St. Peters, 535 F.3d 899 (8th Cir. 2008) (corporate owner of bar did not have standing to pursue First Amendment claim that it suffered retaliation as a result of speech by its owner's husband). Herein, Susan Sigler has not alleged that she suffered a direct, non-derivative injury as a result of her husband's discharge.

In addition, the decisions relied upon by Judge Ovington, to conclude that Susan Sigler had suffered an injury which would support her First Amendment retaliation claim (see Doc. #24 at 10-11) are distinguishable. For instance, in McBride v. Village of Michiana, 1994 WL 396143 (6th Cir. 1994), the Sixth Circuit concluded that the plaintiff, a newspaper reporter, had alleged an actionable claim under the First Amendment, claiming that the defendants had retaliated against her for newspaper articles she had written. The defendants were alleged to have

- 9 -

caused her a direct injury by repeatedly calling her employers to criticize her ability as a reporter and to attempt to dissuade them from using her, by telling her employer that her physical safety could not be guaranteed if she attended public meetings, by refusing to give public records to her or by making it more difficult and expensive for her to obtain such records, and by attempting to convince other public officials and employees not to talk to her.  Therein, the plaintiff, unlike Susan Sigler, based her First Amendment retaliation claim on direct injuries she had suffered and not upon harm visited upon another.  Similarly, in North Mississippi Communications, Inc. v. Jones, 792 F.2d 1330, 1337 (5th Cir. 1986), the Fifth Circuit held that the plaintiff, a newspaper publisher, had an actionable claim under the First Amendment, as a result of having alleged that the defendants had refused to place public advertising in its newspaper, in retaliation for the content of articles appearing therein.  Once again, a direct, rather than derivative, injury had been alleged.  In the other decision cited by Judge Ovington, Gibson v. United States, 781 F.2d 1334 (9th Cir. 1986), the Ninth Circuit held that the plaintiffs had stated a claim for First Amendment retaliation based upon defendants' actions of harassment and intimidation, such as flying helicopters at low altitude over their house, aimed at silencing their political activities.  At the risk of being repetitive, Susan Sigler has not alleged that she suffered such a direct injury, comparable or not.

     In sum, this Court agrees with the Defendants that Susan Sigler does not possess a viable § 1983 claim, predicated upon the theory that she was retaliated against in violation of the First Amendment, as a result of her husband being discharged.  Accordingly, the Court sustains the Defendants' Objections

(Doc. #30) to the Report and Recommendations (Doc. #24) and their Motion for Judgment on the Pleadings (Doc. #15), as those filings relate to that claim. To that extent, the Report and Recommendations of the Magistrate Judge are rejected.

Finally, the Defendants argue that Judge Ovington erroneously recommended that this Court decline to grant them judgment on the pleadings on Keith Sigler's First Amendment retaliation claim. In making that recommendation, the Magistrate Judge relied upon Adkins v. Board of Educ. of Magoffin County, Ky., 982 F.2d 952 (6th Cir. 1993), wherein the Sixth Circuit held that an employee's right to intimate association, guaranteed by the First Amendment, was violated as a result of her being fired because she was married. Therein, the Sixth Circuit also held that such a right is clearly established. See also, Sowards v. Loudon County, Tenn., 203 F.3d 426 (6th Cir. 2000).

Defendants do not disagree with the foregoing legal principles. Rather, they contend that Keith Sigler has failed to allege that the Defendants violated his freedom of intimate association or that their discharge of him constituted an undue intrusion into his marital relationship. This Court does not agree. Although Plaintiffs' Complaint does not contain a declaratory sentence, directly alleging that the Defendants violated his freedom of intimate association, it does contain the allegation that Keith Sigler was discharged because of the criticisms of Brownfield, contained in an anonymous handbill written by Susan Sigler. From that allegation, one can infer that the Plaintiffs allege that he was discharged because he was married to Susan Sigler. The Sixth Circuit reiterated that "[t]o withstand a Rule 12(c) motion for judgment on the pleadings, a complaint must contain direct or

<u>inferential allegations</u> respecting all the material elements under some viable legal theory." <u>Barney-Snyder v. Weiner</u>, 539 F.3d 327, 332 (6th Cir. 2008) (internal quotation marks and citation omitted; emphasis added).  <u>See</u> <u>also</u>, <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir. 1988).  As to the Defendants' assertion that the discharge of Keith Sigler constituted an undue intrusion into his marital relationship, the Sixth Circuit concluded in <u>Sowards</u> that allegations by the plaintiff that she had been dismissed because of her protected relationship with her husband "could constitute an undue interference in that relationship under <u>Adkins</u>."  203 F.3d at 433.  Accordingly, the Plaintiffs have adequately alleged that the discharge of Keith Sigler constituted an undue intrusion into his marital relationship.

Accordingly, the Court overrules both Defendants' Objections and their Motion for Judgment on the Pleadings (Doc. #15), as they relate to Keith Sigler's First Amendment claim.


As a result of the rulings herein, as well as those by Judge Ovington and the Stipulation of Dismissal, the following claims remain to be resolved in this litigation:

1.  Keith Sigler's First Amendment claim against Englewood, Smith and Brownfield;

2.  Plaintiffs' intentional infliction of emotional distress claims against all remaining Defendants other than Englewood; and

- 13 -

3. Keith Sigler's disability discrimination claim against all remaining Defendants, except Totel.


September 29, 2008

                                        /s/ Walter Herbert Rice
                                      WALTER HERBERT RICE, JUDGE
                                      UNITED STATES DISTRICT COURT


Copies to:

Counsel of Record.